IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES REUBEN FUNK, | : | CIVIL ACTION NO. **3:CV-12-1830** |
| | : | |
| Plaintiff | : | (Judge Nealon) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| BARACK H. OBAMA | : | |
| | : | |
| Defendant | : | |

## REPORT AND RECOMMENDATION

**I.      BACKGROUND**

On September 12, 2012, Plaintiff filed, *pro se*, this instant civil rights action pursuant

to 28 U.S.C. § 1331 against Defendant President Barack H. Obama.  (Doc. 1).  Plaintiff also

filed a Motion for Leave to proceed *in forma pauperis*, which we will recommend the Court

grant for purposes of this proceeding .  (Doc. 2).

**II.     STANDARDS OF REVIEW**

**A.      PLRA STANDARD**

As stated, Plaintiff filed an application to proceed *in forma pauperis* pursuant to 28

U.S.C. §1915.  (Doc. 2).  The Prison Litigation Reform Act of 1995,[1] (the "PLRA"), obligates

the Court to engage in a screening process when a prisoner wishes to proceed *in forma*

*pauperis* pursuant to 28  U.S.C.§ 1915.  Specifically, Section 1915(e)(2), which was created

by § 805(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any
> portion thereof, that may have been paid, the

[1]Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

**B.      SECTION 1983 STANDARD**

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements:  (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States.  *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993); *Beattie v. Dept. of Corrections SCI-Mahanoy*, 2009 WL 533051, *3 (M.D. Pa.). Further, Section 1983 is not a source of substantive rights.  Rather, it is a means to redress violations of federal law by state actors.  *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).[2]  *See also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa. 2005).

It is well-established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*.  *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*.  It is also well settled in the Third Circuit that personal involvement of

---

[2]Plaintiff indicates in his pleading that Defendants were state actors. (Doc. 10, p. 2-3).

defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that

a complaint must allege such personal involvement.  *Id.*  Each named defendant must be

shown, through the complaint's allegations, to have been personally involved in the events

or occurrences upon which Plaintiff's claims are based.  *Id.; Innis v. Wilson*, 2009 WL

1608502, *2 (3d Cir. 2009).  As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195,

1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement
> in the alleged wrongs . . . . [P]ersonal involvement can be shown
> through allegations of personal direction or of actual knowledge and
> acquiescence.  Allegations of participation or actual knowledge
> and acquiescence, however, must be made with appropriate
> particularity. (Citations omitted).

*See also Beattie v. Dept. of Corrections SCI-Mahanoy*, 2009 WL 533051,*3("a prerequisite

for a viable civil rights claim is that a Defendant directed, or knew of and acquiesced in, the

deprivation of a Plaintiff's constitutional rights.") citing *Rode, supra*. A civil rights complaint

must state time, place, and responsible persons.  *Id.*  Courts have also held that an allegation

seeking to impose liability on a defendant based on supervisory status, without more, will

not subject the official to section 1983 liability. *See Rode,* 845 F.2d at 1208.

The Court uses the same standard to screen a complaint under the PLRA as it does

for a 12(b)(6) motion to dismiss.  *See Banks v. County of Allegheny*, 568 F.Supp.2d at 588;

*O'Connell v. Sobina*, 2008 WL 144199 (W.D. Pa.).

**C.      MOTION TO DISMISS STANDARD**

In *Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the

Court stated:

The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S. 433 (2007), and *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937 (2009). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). *McTernan v. City of York,* 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir.2009).

[D]istrict courts should conduct a two-part analysis. First, the factual and legal

elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*
*Fowler,* 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Guirguis v. Movers Specialty Services, Inc.,* No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) ( *quoting Twombly,* 550 U.S. at 555) (not precedential).

*See also Williams v. Hull,* 2009 WL 1586832, *2-*3 (W.D. Pa. 2009).

## III.  DISCUSSION

In his Statement of Claim and Prayer for Relief, Plaintiff states the following:

I always (sic) wanted (sic) to go into the U.S. Army to fight for my country and always have been denied for no reasons at all.  I want the President to order my immediate (sic) release from Dauphin County Prison today and to give a direct order from the President to release me over to the U.S. Army and let me go on my own directly (sic) to the Army and have them to come pick me on up downtown.  Let me be drafted into the military to fight for my country. I want the Courts to send copies (sic) of this class action civil suit (sic) to [ . . . ] CNN, The Washington Post, and The Christian Science Monitor to let them know how people are being treated by the President and being denied to go help and fight in the U.S. Military.  I'm suing (sic) the President for the sum of $99.9 Billion!

(Doc. 1, pp. 2-3).

The Court must dismiss certain *in forma pauperis* suits at the earliest time possible if the action is frivolous, malicious or fails to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).  According to the Third Circuit, the court must accept all factual allegations in a complaint as true and in a light most favorable to the *pro se* Plaintiff.  *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).  Furthermore, "an action is frivolous if it 'lacks an arguable basis either in law or in fact.'" *McMeans v. Obama*, 2011 U.S. Dist. LEXIS 137926 * 4 (Dec. 1, 2011 D. Del.) (*quoting Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)).

According to 28 U.S.C. 1915(e)(1)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.  *Neitzke*, 490 U.S. at 327-28.  While the legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. §

1915(e)(2)(B)(ii) is the same as the standard used for a 12(b)(6) motion to dismiss, before

dismissing a complaint for failure to state a claim, a *pro se* Plaintiff proceeding *in forma*

*pauperis* pursuant to 28 U.S.C. § 1915 must be granted leave to amend his complaint

unless an amendment would be futile. *Grayson v. Mayview State Hospital*, 293 F.3d

103, 114 (3d Cir. 2002).

However, even though the Court must view all facts presented in the Complaint

as true and in a light most favorable to the plaintiff, the Court must also examine whether

the complaint's facts are enough to show that a plaintiff has a "plausible claim for relief."

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). Therefore, a complaint

must "show" an entitlement to relief with its facts. *Id*. In *Ashcroft v. Iqbal*, the Supreme

Court stated that a claim is plausible on its face when the claim's factual content allows

the court to draw a reasonable inference that the defendant is liable for the alleged

violation. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868

(2009). Furthermore, the plausibility standard "asks for more than a sheer possibility that

a defendant has acted unlawfully." *Id*. "Where a Complaint pleads facts that a 'merely

consistent with' a defendant's liability, it 'stops short of the line between possibility and

plausibility of 'entitlement to relief.'" *Id*. (*quoting Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

Based on Plaintiff's Statement of Claim in light of the aforementioned legal

standards, we will recommend that Plaintiff's claim against Defendant President Barack

H. Obama be dismissed with prejudice as Plaintiff's claim is frivolous because it is

baseless in both law and fact, delusional and unsupported by any legal theory whatsoever.  Furthermore, entitlement to relief is not plausible as the Complaint has no legal basis.

Additionally, Plaintiff seeks relief that the Court cannot grant because Plaintiff is asking the Court to basically issue an injunction directing the President to take executive action by directing Plaintiff's release from prison and subsequent enrollment in the U.S. Army.  It is well-established that the President may not be ordered to perform particular legislative or executive acts at the Court's direction.  *See Franklin v. Massachusetts*, 505 U.S. 788, 802, 112 S. Ct. 2767, 120 L. Ed. 2d 636 (1992).  Therefore, because Plaintiff's Complaint is frivolous under the standards provided by 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) and because the Court cannot order the President to take the action of releasing Plaintiff and enrolling him in the United State Army, it would be futile to allow Plaintiff to amend his Complaint because it is apparent that dismissal of this Complaint at this time is necessary.

## IV.     RECOMMENDATION

Based on the foregoing discussion, we respectfully recommend that the Court **DISMISS WITH PREJUDICE** Plaintiff's Complaint in its entirety.

                                                 **s/ Thomas M. Blewitt**
                                                 **THOMAS M. BLEWITT**
                                                 **United States Magistrate Judge**

**Dated: September 27, 2012**

| | | |
|---|---|---|
| CHARLES REUBEN FUNK, | : | CIVIL ACTION NO. **3:CV-12-1830** |
| | : | |
| Plaintiff | : | (Judge Nealon) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| BARACK H. OBAMA, | : | |
| | : | |
| Defendant | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **September 27, 2012.**

Any part may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in 28
> U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a
> prisoner case or a habeas corpus petition within fourteen (14) days after
> being served with a copy thereof. Such party shall file with the clerk of
> court, and serve on the magistrate judge and all parties, written objections,
> which shall specifically identify the portions of the proposed findings,
> recommendations or report to which objection is made and the basis for
> such objections. The briefing requirements set forth in Local Rule 72.2
> shall apply. A judge shall make a *de novo* determination of those portions
> of the report or specified proposed findings or recommendations to which
> objection is made and may accept, reject, or modify, in whole or in part,
> the findings or recommendations made by the magistrate judge. The
> judge, however, need conduct a new hearing only in his or her discretion
> or where required by law, and may consider the record developed before
> the magistrate judge, making his or her own determination on the basis of
> that record. The judge may also receive further evidence, recall witness or
> recommit the matter to the magistrate judge with instructions.

Failure to file timely objections may constitute a waiver of any appellate rights.

s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: September 27, 2012**