IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON
DEC 20 2012
PER _____
DEPUTY CLERK

CHARLES REUBEN FUNK,
    Plaintiff

v.

BARACK H. OBAMA,
    Defendants

: CIVIL NO. 3:12-CV-01830
:
: (JUDGE NEALON)
: (MAGISTRATE JUDGE BLEWITT)

**MEMORANDUM**

On September 12, 2012, Plaintiff, Charles Reuben Funk, an inmate currently confined at the Dauphin County Prison, Harrisburg, Pennsylvania, filed a civil rights complaint against the President of the United States, Barack H. Obama, seeking $99.9 billion in damages for being denied the right to join the United States Army and fight for his country. (Doc. 1). Pursuant to the Prison Litigation Reform Act ("PLRA"), Magistrate Thomas M. Blewitt screened the complaint and determined that Plaintiff failed to state a claim upon which relief may be granted and that any attempt to amend the complaint would be futile as this Court cannot order the President to take the action of releasing Plaintiff from prison and enrolling him in the United States Army. (Doc. 7). To date, Plaintiff has failed to object to the Magistrate Judge's recommendation, and, for the reasons set forth below, the R&R will be adopted.

**Standard of Review**

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report, under de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 152 (1985); 28 U.S.C. § 636(b)(1)(C). Nevertheless, the Third

1

Circuit Court of Appeals has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied, 484 U.S. 837 (1987); Garcia v. I..N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. L.R. 72.3.

In the absence of objections, this Court will review the instant action for plain error.

**Discussion**

The R&R outlines the PLRA standard, a civil rights action standard, and the applicable pleading standards. (Doc. 7, pp. 1-6). The Magistrate Judge discusses the screening requirements of 28 U.S.C. § 1915A, which provides for dismissal of a complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted. (Doc. 7, pp. 1-2, 5-6); see also 28 U.S.C. § 1915(e).

Magistrate Judge Blewitt finds that a civil action cannot be imposed based on a theory of respondeat superior and there is no allegation that the President was personal involved in the events or occurrences upon which Plaintiff's claims are based. (Doc. 7, pp. 2-3). The Magistrate Judge concludes that "Plaintiff's claim is frivolous because it is baseless in both law and fact, delusional and unsupported by any legal theory whatsoever." (Doc. 7, pp. 6-7). Lastly, the

Magistrate Judge points out that this Court does not have the authority to order the President to take the action requested. (Doc. 7, p. 7).

After review and in the absence of objections, this Court finds no error in the R&R. The Undersigned agrees that the complaint failed to state a cognizable claim for relief. Further, Magistrate Judge Blewitt is correct that this Court cannot order the requested relief sought by Plaintiff and, therefore, an attempt to amend would be futile. Accordingly, the R&R will be adopted and the action will be dismissed with prejudice.

A separate Order will be issued.

Date: December 19, 2012

United States District Judge